# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL CASE NO. 5:22-cv-00185-MR

| | |
|---|---|
| TONY TIMOTHY MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| J.T. BARNES, et al., ) | <u>ORDER</u> |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Compel Discovery [Doc. 19].

The pro se Plaintiff, a pretrial detainee at the Alexander County Detention Center, filed this action under 42 U.S.C. § 1983. The Complaint passed initial review on a Fourth Amendment claim against Defendant J.T. Barnes, an Alexander County Sheriff's Department sergeant. [<u>See</u> Doc. 10]. Defendant Barnes was served and filed an Answer. [Docs. 12, 14]. On June 13, 2023, the Court entered a Pretrial Order and Case Management Plan that set the discovery cutoff date as October 9, 2023. [Doc. 15].

On July 18, 2023,[1] the Plaintiff filed the instant Motion to Compel, complaining that the Defendant is refusing to respond to his discovery requests. [Doc. 19]. The Plaintiff also makes additional allegations and requests for relief regarding his § 1983 claims. [Id.]. The Defendant filed a Response explaining that counsel had mistakenly believed that the Plaintiff's discovery requests were premature and, upon discovering this error, sent the Plaintiff timely responses to his Request for Admissions, Interrogatories and Request for Production. [Doc. 20]. The Plaintiff has not filed a reply, and the time to do so has expired.

It appears that the parties' discovery dispute has now been resolved and, accordingly, the Plaintiff's Motion to Compel is denied as moot.[2] To the extent that the Plaintiff attempts to supplement or amend his Complaint without leave of court and in a vague, scattershot, and piecemeal fashion, this is denied. See generally Fed. R. Civ. P. 15(a), (d).

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[2] The Plaintiff does not certify in the Motion to Compel that he attempted in good faith to resolve the discovery dispute before engaging the Court's assistance. The Plaintiff is cautioned that any future motion that fails to comply with this requirement, or that is otherwise deficient or abusive, may be summarily denied. See Fed. R. Civ. P. 37(a)(1); LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied.").

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel

[Doc. 19] is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 18, 2023

Martin Reidinger
Chief United States District Judge