IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00185-MR

| | | |
|---|---|---|
| TONY TIMOTHY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| J.T. BARNES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on sua sponte.

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Alexander County Detention Center (ACDC) on several criminal charges that were pending in the Alexander County Superior Court. [Doc. 1; see Doc. 10, n.1]. The Complaint passed initial review on claims that J.T. Barnes, an Alexander County Sheriff's Department (ACSD) sergeant, violated his Fourth Amendment rights on December 17, 2021 by: chasing him with no lights or siren; shooting 12 rounds with the intent to kill him; tasering him six times; and damaging his car. [Doc. 10 at 8-9]. Presently pending before the Court are the parties' cross-Motions for Summary Judgment. [See Docs. 22, 24].

Defendant Barnes argues that his uses of force were objectively reasonable under the circumstances, namely, that the Plaintiff led officers on a high-speed chase, failed to comply with orders, approached Barnes in a threatening manner, and stole Barnes' police vehicle. Defendant Barnes also argues that he is entitled to qualified immunity. [Doc. 22]. The Plaintiff opposes Barnes' Motion and asks the Court to award him compensatory and punitive damages for violations of his Fourth Amendment rights. He contends that Defendant Barnes acted unreasonably because *inter alia:* the Plaintiff only sped up "slightly" to avoid Barnes' unidentified vehicle; the Plaintiff stopped "almost immediately" after Barnes activated his blue lights; Barnes' unusual behavior frightened the Plaintiff and prompted the Plaintiff to drive away to a safer place; another officer "spiked" the Plaintiff's tires on a dangerous portion of roadway; the Plaintiff exited his vehicle and approached Barnes in a "non-threatening way with [his] hands out;" the Plaintiff never heard commands to get on the ground; Barnes opened fire on the Plaintiff without warning as Plaintiff approached him; the Plaintiff only entered Barnes' vehicle to take cover from the Barnes' gunfire, and he drove out of "shooting range;" another officer rammed Barnes' vehicle, causing the Plaintiff to wreck; and the Plaintiff exited Barnes' vehicle and was tased

numerous times while he was standing with his hands on the hood of a vehicle in a "non-threatening way…." [See Doc. 26-1].

The Court takes judicial notice that the Plaintiff's Alexander County cases involving the incidents of December 17, 2021, have now been resolved. The Plaintiff was convicted on June 12, 2024, of the following offenses:[1]

> Felony "AWDW gov officers/ employees (principal)," Case No. 21CR051578;
>
> "Resisting officer (principal)," Case No. 21CR051578;
>
> "Wanton inj per/prop $200 & LS (principal)," Case Nos. 21CR051579, 21CR051580;
>
> "Unauth use motor conveyance (principal)" Case No. 21CR051580; and
>
> "Speeding elude arrest or/attem (principal)" Case No. 21CR051580.

In light of the Plaintiff's recent convictions, it appears that his § 1983 claims against Defendant Barnes are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

---

[1] This information was gleaned, in part, from the North Carolina Department of Adult Corrections (NCDAC) website. https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1647304&searchLastName=martin&searchFirstName=tony&searchMiddleName=t&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed July 22, 2024); Fed. R. Evid. 201.

3

invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983</u>. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 485-87 (footnotes omitted; emphasis added); <u>see also</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 96 (1980) (stating that the principles of res judicata and collateral estoppel apply to the § 1983 actions seeking to vindicate constitutional rights that were previously decided in state court criminal proceedings).

The Plaintiff will be required to address whether this action is barred by <u>Heck</u>. It further appears that the Plaintiff no longer resides at the ACDC, but he has not informed the Court of his new address. [<u>See</u> Doc. 4 (Order of Instructions)]. He will also be required to file a Notice of Change of Address informing the Court of his present address. [<u>Id.</u>]. Should the Plaintiff

4

fail to timely comply with this Order, this action will likely be dismissed without further notice.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have **fourteen (14) days** from entry of this Order to update his address with the Court and to file a memorandum explaining why his § 1983 claims are not barred by Heck.

If the Plaintiff fails to timely comply with this Order, this action will likely be dismissed without further notice.

**IT IS SO ORDERED**.

Signed: July 30, 2024

Martin Reidinger
Chief United States District Judge