IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00185-MR

| | | |
|---|---|---|
| TONY TIMOTHY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| J.T. BARNES, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee on several criminal charges that were pending in the Alexander County Superior Court. [Doc. 1; see Doc. 10 n.1]. The Complaint passed initial review on claims that J.T. Barnes, an Alexander County Sheriff's Department sergeant, violated the Plaintiff's Fourth Amendment rights on December 17, 2021 by chasing him with no lights or siren; shooting 12 rounds with the intent to kill him; tasering him six times; and damaging his car. [Doc. 10 at 8-9].

The parties' cross-Motions for Summary Judgment are presently pending before the Court. [See Docs. 22, 24]. Defendant Barnes argues that his use of force was objectively reasonable under the circumstances and

that he is entitled to qualified immunity. [Doc. 22]. The Plaintiff opposes Barnes' Motion and asks the Court to award him compensatory and punitive damages for violations of his Fourth Amendment rights. [Doc. 26-1].

The Court has taken judicial notice that the Plaintiff's Alexander County cases involving the incidents of December 17, 2021 recently resulted in the Plaintiff's convictions for various offenses, including felony "AWDW gov officers/employees (principal)"; "Resisting officer (principal)"; "Wanton inj per/prop $200 & LS (principal)"; "Unauth use motor conveyance (principal)"; and "Speeding elude arrest or/attem (principal)." [See Doc. 36 at 3].

On July 30, 2024, the Court ordered the Plaintiff to file a memorandum, within 14 days, addressing whether this action is barred by Heck v. Humphrey, 512 U.S. 477 (1994) in light of his recent convictions. The Court also ordered the Plaintiff to file a Notice of Change of Address because it appeared that the Plaintiff's address had changed and he had failed to notify the Court of his new address. The Plaintiff was cautioned that, "[i]f the Plaintiff fails to timely comply with this Order, this action will likely be dismissed without further notice." [Doc. 36 at 5].

The Plaintiff has not filed a Heck memorandum or updated his address with the Court, and the time to do so has expired. The Plaintiff appears to have abandoned this action, and the Court is unable to proceed. This case

will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order); see also Omar v. Chasanow, 318 F. App'x 188 (4th Cir. 2009) (per curiam) (concluding that the appropriate disposition of § 1983 claims barred by the Heck doctrine is dismissal without prejudice).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

The pending Motions for Summary Judgment [Docs. 22, 24] are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: August 26, 2024

Martin Reidinger
Chief United States District Judge

3